**JARVIS CLARK CO.,**
**Plaintiff/Appellant,**

v.

**UNITED STATES, Defendant/Appellee.**

**Appeal No. 83–1106.**

United States Court of Appeals, Federal Circuit.

July 17, 1984.

Edward N. Glad, Los Angeles, Ca., argued, for plaintiff/appellant.

Michael P. Maxwell, New York City, argued, for defendant/appellee. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, New York City, Atty. in Charge International Trade Field Office.

Before KASHIWA and SMITH, Circuit Judges, and WISDOM,* Senior Circuit Judge.

### ORDER

ON PETITION FOR REHEARING
WISDOM, Senior Circuit Judge.

The government's petition for rehearing is denied 733 F.2d 873 (Fed.Cir.1984). The government's brief on petition for rehearing is full of sound and fury, but advances no argument that the Court did not consider in its first decision.

The government again argues that the text and legislative history of the 1980 Customs Courts Act demonstrate no intent to modify the dual burden of proof. We think it manifest that 28 U.S.C. § 2643(b) was intended to do just that. For convenience we again quote the relevant statutory language and legislative history:

---

* The Honorable John Minor Wisdom, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

"(b) If the Court of International Trade is unable to determine the correct decision on the basis of the evidence presented in any civil action, the court may order a retrial or rehearing for all purposes, or may order such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision."

28 U.S.C. § 2643(b)(Supp. V 1971).

"Subsection (b) is a new provision that empowers the Court of International Trade to remand the civil action before it for further judicial or administrative proceedings. In granting this remand power to the court, the Committee intends that the remand power be coextensive with that of a federal district court. In addition, this subsection authorizes the court to order a retrial or rehearing to permit the parties to introduce additional evidence.

"Subsection (b) has particular impact on civil actions brought pursuant to section 515 or 516 of the Tariff Act of 1930. Under existing law, for example, in a civil action commenced under the court's jurisdiction to entertain cases involving the classification or valuation of merchandise, if the plaintiff succeeds in demonstrating that the original decision of the Customs Service was incorrect but is unable to establish the correct classification or valuation, the court dismisses the civil action. In effect, the court holds in favor of the United States even though the plaintiff has demonstrated that the challenged decision of the Customs Service was erroneous. Subsection (b) would permit the court in this situation to remand the matter to the Customs Service to make the correct decision or to

schedule a retrial or rehearing so that the parties may introduce additional evidence."

House Report at 60–61, 1980 U.S.Code Cong. & Ad.News at 3729, 3772. In other words, when the trial court finds that the government's proposed classification is wrong but cannot determine the correct classification, it has three options: it may retry, rehear, or remand the case to find the correct answer. The government would interpret the statute as providing a fourth option: the trial court may, in its discretion, simply choose to reach an incorrect decision. This interpretation is at odds with the clear congressional intent. If § 2643 is to have the impact Congress intended, the trial court must consider whether the government's classification is correct, based on the evidence brought before it. In this case, we conclude that the plaintiff showed that the government was wrong, but did not clearly establish the correctness of its own classification. Following the mandate of § 2643 we remand the case to the trial court so that court can take the course best suited to determining the correct classification.[1]

The government also contends that our decision will upset the administration of the customs law. To the contrary, the abolition of the dual burden will add a stability to the customs laws that has been lacking. A judicial decision will now represent a statement of correct law, useful to future importers, rather than simply a narrow ruling based on the particular circumstances in the case.

We think it appropriate to caution both the government and private parties not to

---

1. The government also contends that our decision overrules not only the cases mentioned in our original opinion but also *United States v. Arnold Pickle & Olive Co.,* 659 F.2d 1049 (C.C.P. A.1981). In that case the Court held that the government's method of valuation was incorrect but nevertheless reversed a judgment for the plaintiff because the plaintiff's method was incorrect as well. The court acknowledged, however, the propriety of rehearing or retrial under § 2643(b) "in appropriate circumstances". *Id.*

at 1052 n. 7. Because of the confused procedural posture of that case the Court was not asked to define "appropriate circumstances" in its initial opinion; and, as the government acknowledges, the Court later permitted the plaintiff to seek similar relief in the trial court. In the present case the plaintiff has explicitly made a focused attack on the dual burden of proof, and has provided persuasive authority to support its contentions.

read more into our decision than is there. We do not at this time decide the extent to which res judicata and binding precedential effect should attach to classification decisions. Nor do we in any way weaken the requirement that a classification plaintiff overcome the presumption of correctness that attaches to a government classification. The burden is still on the plaintiff to prove the government's classification to be incorrect, and the court still decides this question on the basis of the evidence presented. As we noted in our original opinion, 733 F.2d at 878, "ordinarily it will be difficult to meet this burden of proof without proposing a better classification". The best proof that a customs classification is wrong is proof that a different classification is right, or at least preferable. In the present case we conclude that were we forced to choose between the government's classification ("railway rolling stock") and the plaintiff's alternative ("extracting machinery") we would choose the latter. In such a case it defies common sense to hold that the government's classification must stand because another classification (the "basket" provision) not advanced by the plaintiff may be even better. But when a plaintiff cannot point to a more appropriate classification, only the most unusual circumstances would permit a court to conclude, on the basis of the evidence before it, that the plaintiff had overcome the presumption of correctness.

DENIED.