EISEMAN-LUDMAR CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79–12–01949

Before DiCARLO, *Judge.*

(Decided February 25, 1985)

*Fitch, King and Caffentzis (Peter J. Fitch)* for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Barbara M. Epstein)* for the defendant.

DiCARLO, *Judge:* Defendant moves for summary judgment claiming that the doctrine of *stare decisis* applies. The motion is denied.

Defendant contends that *stare decisis* should apply since the parties, type of merchandise (invoiced as "fur felts"), and issues are the same as those in a prior action, *Eiseman-Ludmar Co.* v. *United States,* 2 CIT 40, *reh'g denied,* 2, CIT 109 (1981). As in the prior action, plaintiff seeks reclassification of merchandise entered under item 798.00, Tariff Schedules of the United States, (TSUS), by similitude to item 124.60, TSUS, as modified by T.D. 68–9, to classification under item 703.35, TSUS, as modified by T.D. 68–9.

In the prior action, following long-standing precedent, a dual burden was imposed on plaintiff. In order to overturn the United States Customs Service's (Customs) classification, plaintiff had to prove that Customs' classification was incorrect and that plaintiff's proposed classification was correct. The case was dismissed because plaintiff "failed in its burden to establish its claimed classification with respect to the subject merchandise." *Eiseman-Ludmar,* 2 CIT, at 45. The Court did not rule on the validity of Customs, classification.

In *Jarvis Clark Co.* v. *United States,* 733 F.2d 873, *reh's denied,* 739 F.2d 628 (1984) the Court of Appeals for the Federal Circuit held that Congress in enacting 28 U.S.C. § 2643(b) (1982)[1a] intended to limit plaintiff's burden to proving that Customs' classification was incorrect. Once that burden has been met, the Court must determine the correct classification.

Although section 2643(b) was law before the decision in the prior action, its effect was not argued by the parties or considered by the

---

[1] See *e.g.,* Section 2(b), P.L. 89–241; also Section 203, P.L. 91–271.
[1a] The Customs Courts Act of 1980, Pub. L. No. 96–417, § 301, 94 Stat. 1730, 1737 (codified at 28 U.S.C. § 2643(b)) provides:

If the Court of International Trade is unable to determine the correct decision on the basis of evidence presented in any civil action, the court may order a retrial or rehearing for all pruposes, or may order such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision.

Court. Since the Court did not rule on the correctness of Customs' classification, that action has no *stare decisis* effect. Defendant's motion for summary judgment is denied.