**RBW, INC., Per C.J. Tower & Sons of Buffalo, Inc., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 82–6–00825.**

United States Court of International Trade.

Jan. 13, 1986.

---

Mandel & Grunfeld (Steven P. Florsheim, New York City, on motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., New York City, (Barbara Epstein, Washington, D.C., on motion), for defendant.

## MEMORANDUM OPINION

CARMAN, Judge:

This case, presented by the parties on stipulated facts in lieu of trial, involves the proper tariff classification of books of crossword puzzles, word games, and "search-a-word" puzzles. The United States Customs Service (Customs) classified the merchandise as puzzles under item 735.20 of the Tariff Schedules of the United States (TSUS), which reads:

> Puzzles; game, sport, gymnastic, athletic, or playground equipment; all the foregoing, and parts thereof, not specially provided for.

Plaintiff claims, however, that the merchandise is properly classified under item 270.25 as ".books not specially provided for," which are duty-free. In the alternative, plaintiff seeks classification of its merchandise as "toy books" under item 737.52, also duty-free.

### Stipulated Facts

The imported merchandise consists of a collection of puzzle sheets bound as books in paperback covers. The sheets include textual and pictorial matter. Some of the books, "Puzzlers Crosswords No. 1" through "Puzzlers Crosswords No. 12" contain rear pages with promotional text on both sides, and the "Treasury of Puzzles" also has a table of contents page. All of the imported articles have a front and rear cover and an inside title page with copyright text on the reverse side.

Plaintiff, a printing company, printed and bound the puzzles. Plaintiff then sold the books to publishers in the United States, who in turn sold the books to book distributors, other publishers, or directly to mass-market retailers such as K–Mart and Zayre department stores. At the retail level, the merchandise is sold in book stores, drug and notion stores and general department stores. In those bookstores that display books by category, merchandise similar or identical to the subject merchandise is generally displayed in the "puzzle" section.

Defendant conceded in its answer that the merchandise does fit the description of books for tariff classification purposes, and that books are provided for under item 270.25, TSUS. Defendant has further conceded in the stipulated facts that one of the

books subject of this action, which is entitled "The Super Activity, Puzzle and Game Book," is properly classified as a book under item 270.25 because it contains mostly pages of other activities with only some pages of puzzles.

## Opinion

■ Defendant makes two arguments supporting Customs' classification of the merchandise as puzzles under item 735.20, TSUS. First, argues defendant, although the merchandise is described by the tariff provisions for both books and puzzles, the provision for puzzles more specifically describes the merchandise. Defendant alternatively contends that even if the merchandise is equally described by both provisions, item 735.20 for puzzles is still the proper classification because it calls for the highest original duty rate. Both of these contentions depend upon the premise that the merchandise qualifies as puzzles within the meaning of item 735.20. The Court finds, however, that the merchandise does not consist of puzzles for tariff classification purposes and is therefore properly classified under plaintiff's claimed classification of item 270.25 for books.

Plaintiff poses as its primary support for the conclusion that the imported merchandise does not fall within the ambit of item 735.20 the doctrine of *noscitur a sociis*. Meaning that "it is known from its associates," the doctrine is a tool for statutory construction that provides for deriving the meaning of a term from the meaning of other words with which the questioned term is associated. *Nightwriter Corp. v. United States*, 69 Cust.Ct. 191, 196–97, C.D. 4393 (1972). As item 735.20 provides for the classification not only of puzzles, but also for game, sport, gymnastic, athletic, or playground equipment, plaintiff argues that the requirement of manipulation associated with these enumerated items also applies to "puzzles." Essentially, continues plaintiff, item 735.20 puzzles include articles such as "jig-saw puzzles, 'teasers' such as bent pieces of plastic or wood ob-

jects requiring assembly, or disassembly or reformation." Plaintiff's Brief at 8.

■ Defendant contends that the doctrine of *noscitur a sociis* may not be utilized in interpreting the *eo nomine* term "puzzles" because, like other rules of construction, *noscitur a sociis* is only applicable when the language of a statute is ambiguous. Defendant asserts that item 735.20 clearly and unambiguously provides for puzzles, without limitation to any particular type of puzzles. Defendant cites a dictionary definition of "puzzle," contends that crossword puzzles fall within this definition, and apparently believes that the dictionary definition is the common meaning of the term as was intended by Congress in the tariff designation for puzzles.

Defendant cites *Funk and Wagnall's New Standard Dictionary of the English Language* (1956) for the definition of puzzle as

1. [a] thing difficult to understand or solve; a thing or problem that perplexes; especially something purposely arranged so as to require time, patience and ingenuity to arrive at the solution of its intricacies; a problem, riddle....

The Court has additionally consulted *Webster's New International Dictionary* (2d ed. 1958), which offers the following definition:

2. Something which perplexes or embarrasses; a difficult problem or question; an enigma; hence, a toy, contrivance, question, or problem designed for testing ingenuity; as, a crossword *puzzle.*

Given the breadth of the definitions, as well as their abstract nature, the Court finds that the term puzzle as used in the context of tariff classification is ambiguous and that the Court may consider aids in construing the statute and disclosing legislative intent.

■ To begin, item 735.20 is a basket provision covering "all games and puzzles, including toy games and puzzles, and all sport, gymnastic, athletic, and playground equipment ... not specially provided for elsewhere in the schedules." *Tariff Clas-*

*sification Study, Schedule 7* 287 (1960). The original language proposed called for the classification of "[g]ames and puzzles, including toy games and puzzles; sport, gymnastics, or athletic equipment n.s.p.f. [not specially provided for]," *id.* at 884, but was changed to clarify "that the item was intended to cover under the term 'games' all game equipment and parts of such equipment not specially provided for … and under the term 'gymnastic equipment' all playground equipment, not specially provided for, such as swings, see-saws, and slides." *Id.* at 287. Item 735.20 brought together articles which prior to the TSUS had been scattered throughout the tariff act and were often classified according to their material composition of chief value. *E.g., Tariff Act of 1930*, par. 397 (articles composed of various metals), par. 409 (articles of rattan, bamboo, osier or willow), par. 412 (manufactures of wood or bark), par. 1539(b) (manufactures of which synthetic resin is the chief binding agent). The Court has not been directed to any evidence showing the scope of the term "puzzles," but is persuaded that item 735.-20 does generally cover manipulable articles and larger pieces of equipment made out of various materials. There appears to be no indication of congressional intent, on the other hand, to include publications of word-oriented puzzles under this provision.

■ A puzzle is often an abstract dilemma, which may be presented via a variety of media. It may be a mathematical or geometric problem expressed in terms of geometrically shaped objects. Or, it may be communicated through written language. As an abstraction, the puzzle itself is not the imported article, but rather the medium which presents the puzzle. In the case before the Court, *books* containing crossword and search-a-word puzzles are the articles in question.

■ Defendant argues, nevertheless, that the content of the subject books are the controlling criteria for tariff classification purposes. For example, in *Bauer Alphabets, Inc. v. United States*, 54 Cust.Ct. 255, C.D. 2540 (1965), the court considered the contents of folders consisting of pages displaying type styles. Finding an absence of authorship and that the type was not intended to be read for its textual substance, the court disallowed plaintiff's claim for classification as printed matter of foreign authorship under paragraph 1410 of the Tariff Act of 1930. *Id.* at 262. Similarly, in *Brooks Bros. v. United States*, 68 Cust.Ct. 91, C.D. 4342 (1972), the question was the proper classification of a diary that contained printed matter. The court held that the "primary design and function" of the article as a diary warranted its classification as a diary rather than as a book or other printed matter. *Id.* at 98.

Although the primary design and function of the subject merchandise appears to be for the presentation and solution of puzzles dealing with words, potential arbitrary distinctions may develop as a result of classifying crossword puzzle books as puzzles since books presenting problems or puzzles totally in the form of text would presumedly be classified as books. (For example, defendant has already stipulated that one of the imported books originally subject of this action is properly classified as a book because it contains "activity pages.") And although considerations of creativity and susceptibility of authorship no longer appear consequential, *compare* item 270.25, TSUS (1980) *with* par. 1410, Trade and Tariff Act of 1930, the Court notes that crossword puzzles are susceptible of authorship. Classification on the basis of textual considerations or layout would be entirely arbitrary criteria.

The stipulations of the parties further support the classification of plaintiff's imported merchandise as books under item 270.25. The merchandise is manufactured by a printing company and distributed exclusively through book channels. The merchandise is sold in book stores and other stores which sell books. While not determinative, such facts have "obvious probative value" and lead to the conclusion that the merchandise is properly classified as books. *See Montgomery Ward & Co. v.*

*United States*, 62 Cust.Ct. 718, 724, C.D. 3853 (1969).

Plaintiff has additionally directed the Court to the *Standard Industrial Classification Manual* (1957), which, while not specifically mentioning crossword puzzles, makes the distinction between the miscellaneous manufacturing industry which produces products such as games and puzzles (Group 394, Industry Number 3941) from the printing and publishing industry (Group 273, Industry Number 3941).[1] In light of the foregoing discussion regarding item 735.20 as the provision for various manufactures constituting games and puzzles and other athletic and playground equipment, the Court finds that plaintiff's books of word puzzles are more closely associated with the printing and publishing industry than with the industry producing games and puzzles.

■ Rejecting defendant's classification of the books as puzzles, the Court also rejects plaintiff's alternative claim that the imported books are properly classified as toy books under item 737.52.[2] A review of the statute as well as the case law indicates that toy books are "limited to such books as are without reading matter other than letters, numerals, or descriptive words." *A.C.G. Export Import v. United States*, 66 Cust.Ct. 128, 131, C.D. 4181 (quoting *B. Westermann Co. (Inc.) v. United States*, 17 CCPA 75, 77–78, T.D. 43,361 (1929)). Plaintiff's merchandise contains words that are not limited to mere descriptions of accompanying pictures and thus does not fall under the category of "toy books." *See id.*

### Conclusion

The articles in controversy are clearly books within the meaning of item 270.25. Item 735.20, on the other hand, covers various manufactured articles constituting puzzles and games and athletic equipment. The Court determines that plaintiff has satisfied its burden of establishing that Customs' classification under this latter provision is incorrect. *See* 28 U.S.C. § 2639 (1982); *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied* 739 F.2d 628 (Fed.Cir.1984). Agreeing with plaintiff's first proposed alternative, the Court holds that books of printed word puzzles are properly classified under item 270.25, TSUS.

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED: Judgment is rendered for plaintiff. The Customs Service is directed to reclassify the subject merchandise under item 270.25 and make refunds as appropriate, together with any interest as provided by law.

---

**1.** The Standard Industrial Classification Manual has been relied upon as some indication of legislative intent since it was used by the Tariff Commission as a reference in preparing the tariff schedules. *See Associated Hobby Manufacturers, Inc. v. United States*, 65 Cust.Ct. 357, 360–61, C.D. 4103 (1970), *aff'd*, 59 CCPA 54, C.A.D. 1037, 452 F.2d 1405 (1972); *Tariff Classification Study, Submitting Report* 8 (1960).

**2.** Item 737.52 states in full:

Toy books, including coloring books and books the only reading matter in which consists of letters, numerals, or descriptive words.