PLS INTERNATIONAL, PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 85–2–00189

Before DiCARLO, *Judge.*

(Decided May 2, 1986)

*Vecchio & Schulz Co., L.P.A. (William J. Schulz)* for plaintiff.

*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice (*Florence M. Peterson*) for defendant.

DiCARLO, *Judge:* Defendant moves pursuant to Rule 12(e) of the Rules of this Court for an order requiring plaintiff to file an amended complaint. Plaintiff has not responded to the motion.

Rule 12(e) permits a party to "move for a more definite statement" if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Defendant contends that it cannot adequately respond to the complaint without knowing the classification which plaintiff claims is proper.

Defendant also says plaintiff has failed to set forth information requested in the Appendix to the Rules of this Court, which provides in part:

(c) Classification: If the contested customs decision involves the classification of merchandise, the complaint should also set forth:

\*     \*     \*     \*     \*     \*     \*

(2) the tariff description and the paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise is claimed to be properly subject to classification, and the rate of duty claimed to be applicable \* \* \*.

In its complaint plaintiff alleges that:

(6) Said [closed-circuit television inspection system] components were imported on or about December 16, 1983, and were classified under Item 685.1060/5.1% Tariff Schedule of the United States (19 U.S.C. § 1202). Subsequent to its importing, the components were reclassified as being dutiable under Item 712.0500/17.5% Tariff Schedule of the United States (hereinafter referred to as TSUS). Said reclassification resulted in an increase in duty, the responsibility for payment of which fell on the Plaintiff.

(7) Said reclassification was improper. The imported components do not comprise a complete commercial entity, but instead must be assembled with additional components to form a complete article of commerce.

\*     \*     \*     \*     \*     \*     \*

(10) For the Second Count of its Complaint, the Plaintiff realleges and incorporates all of the allegations contained in Plaintiff's One through Nine of the First Count of its Complaint as if fully rewritten herein and goes on further to state that on June 23, 1983, the U.S. Customs Service issued a ruling letter (refer to CLA–2–06:S:C:D6:5=60–283 805843) wherein it was set out that if the Plaintiff were to import separate entities for its [merchandise] said entities would not be classified under Item 712.05/17.5%, TSUS, but would rather be classified under a completely different Item, at a much lower ad valorem rate.

(11) The Plaintiff has satisfied the conditions of the ruling letter in its transaction, and detrimentally relied on the statements contained within said ruling letter, when it imported the components at issue herein.

(12) Said components were imported on or about December 16, 1983, and were classified under Item 685.1060/5.1%, TSUS. Subsequent to the importing, they were reclassified as being dutiable under Item 712.0500/17.5%, TSUS, in direct contravention of the U.S. Customs Service ruling letter.

While using terminology not usually found in complaints challenging United States Customs Service classifications, plaintiff does allege that classification of the merchandise under item 712.05, Tariff Schedules of the United States (TSUS), is erroneous, and that the

merchandise should be classified under item 685.10, TSUS. Therefore the Court need not and does not address whether relief under Rule 12(e) is appropriate if a plaintiff does not allege in the complaint its proposed alternative classification. *Cf. Terumo Corp.* v. *United States,* 9 CIT 405, 407, Slip Op. 85–86, at p. 4 (August 23, 1985); *Jarvis Clark Co.* v. *United States,* 733 F.2d 873, 878 (Fed. Cir. 1983), *reh'g denied,* 739 F.2d 628 (Fed. Cir. 1984).

The Court finds that the complaint is not so vague or ambiguous that defendant cannot reasonably be required to respond, and that the complaint is in compliance with the relevant parts of the Appendix to the Rules of the Court.

The motion is denied. So ORDERED.