**SUPERSCOPE, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 85-03-00328.**

United States Court of
International Trade.

Dec. 11, 1989.

Stein Shostak Shostak & O'Hara (S. Richard Shostak and Robert Glenn White, on the motion), for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (James A. Curley, on the motion), for defendant.

---

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of five models of certain unassembled cabinets, imported from New Zealand from 1980 to 1982. The imported cabinets, which entered at the Port of Los Angeles, California, contain glass panels which are manufactured in the United States and serve as doors or lids.

Models RM 5000 and RM 6000 of the imported merchandise were classified by the Customs Service as "[f]urniture, and parts thereof, not specially provided for: ... [o]f wood," under item 727.35 of the Tariff Schedules of the United States (TSUS). Models RM 3060D, RM 5100, and RM 5400 were classified as "[f]urniture, and parts thereof, not specially provided for: ... [o]ther," under item 727.55, TSUS. Duty was assessed at the rates respectively provided for in the respective tariff items at the time of entry.

In appraising and liquidating the merchandise, no allowance was made, under either item 800.00, TSUS, or item 807.00, TSUS, for the glass panels manufactured in the United States and imported as part of the unassembled cabinets.

Plaintiff claims that the glass panels packaged as part of the unassembled cabinets were improperly denied American goods returned treatment under either item 800.00, TSUS, or item 807.00, TSUS. If properly classifiable under item 800.00, TSUS, as maintained by plaintiff, the glass panels are entitled to entry free of duty.

If properly classifiable under item 807.00, TSUS, as alternatively maintained by plaintiff, duty would be assessed on the full value of the imported cabinets, less the cost or value of the glass panels. At oral argument, plaintiff stated that "it seems to us that the ... entire tariff treatment of imported merchandise supports our view that [item] 800[, TSUS,] is the proper place for this merchandise, and we certainly would seek that that be our primary claim...."

In its moving papers, plaintiff also contested the classification of models RM 3060D, RM 5100, and RM 5400 of the imported cabinets as "[f]urniture, and parts thereof, not specially provided for: ... [o]ther," under item 727.55, TSUS. Plaintiff contended "that [the] three models of the unassembled cabinets in issue are properly classifiable under item 727.35, TSUS, [since they] are ... in chief value of wood." During oral argument, however, plaintiff stated that "[a]fter considering this issue and considering the authorities, we've decided to abandon that claim with the Court's permission, so that the issue of whether or not the merchandise ... should be assessed with duty as an article [in] chief value of glass is no longer in issue." Hence, since this claim has been withdrawn, it is no longer before the court, and no determination need be made.

As to the glass panels, the pertinent statutory provisions of the tariff schedules are as follows:

Classified Under:
    Schedule 7, Part 4, Subpart A:
    Furniture, and parts thereof, not specially provided for:

        . . . .
        Of wood:

            . . . .
            Other:
727.35    Furniture other than chairs ..........................4.7% *ad val.* (1980)
                                                              4.4% *ad val.* (1981)
                                                              4.1% *ad val.* (1982)
727.55    Other: ..........................................9.3% *ad val.* (1980)
                                                              8.5% *ad val.* (1981)
                                                              7.8% *ad val.* (1982)

Claimed Under:
    Schedule 8, Part 1, Subpart A:

800.00   Products of the United States when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad ................ ................Free

Alternatively Claimed Under:

   Schedule 8, Part 1, Subpart B:

807.00   Articles assembled abroad in whole or in part of fabricated components, the product of the United States, which (a) were exported in condition ready for assembly without further fabrication, (b) have not lost their physical identity in such articles by change in form, shape, or otherwise, and (c) have not been advanced in value or improved in condition abroad except by being assembled and except by operations incidental to the assembly process such as cleaning, lubricating, and painting ...   A duty upon the full value of the imported article, less the cost or value of such products of the United States. . .

---

The question presented is whether the glass panels, admittedly manufactured in the United States, and packaged as part of the imported unassembled cabinets which were classified as "entireties," should have been granted American goods returned treatment under either item 800.00, TSUS, or item 807.00, TSUS, as maintained by plaintiff.

In order to decide this question the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied*, 739 F.2d 628 (Fed.Cir.1984). Pursuant to 28 U.S.C. § 2639(a)(1) (1982), the government's classification is presumed to be correct and the burden of proof is upon the party challenging the classification. *See Jarvis Clark Co.*, 733 F.2d at 876.

Plaintiff in this case has previously moved for judgment on the pleadings. This court denied that motion, holding that "all necessary facts have not been admitted, and ... there remain in dispute material issues of fact." *Superscope, Inc. v. United States*, 12 CIT ——, Slip Op. 88–43 at 8, 1988 WL 30645 (Mar. 31, 1988). Subsequently, plaintiff issued a "Statement of Material Facts as to Which There Are No Genuine Issues to be Tried." Defendant's response, which admits the truth of most of plaintiff's statements, denies certain statements and sets forth additional statements of fact. Plaintiff has not responded to defendant's additional statements of fact. Contending that there are no genuine

issues of material fact, both parties now move for summary judgment pursuant to Rule 56 of the Rules of the United States Court of International Trade.

Upon examining the pertinent tariff schedules, relevant case law, and supporting papers, the court concludes that there are no genuine issues of material fact, and that, since the glass panels were not "advanced in value or improved in condition ... while abroad," but were merely repacked, they are entitled to duty free entry under item 800.00, TSUS. Hence, plaintiff's motion for summary judgment on this issue is granted, and defendant's corresponding cross motion is denied.

As to the proper classification of the three models of the imported merchandise, plaintiff withdrew its claim at oral argument. Hence, no determination on this issue need be made.

On a motion for summary judgment, it is the function of the court to determine whether there are any factual disputes that are material to the resolution of the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The court may not resolve or try factual issues on a motion for summary judgment; it may only "determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511; *see Yamaha Int'l Corp. v. United States*, 3 CIT 108, 109, 1982 WL 2221 (1982). In ruling on cross-motions for summary judgment, if no genuine issues of material fact exist, the court must determine whether

either party "is entitled to a judgment as a matter of law." USCIT R. 56(d).

The parties agree that "[t]he glass panels were not advanced in value or improved in condition while abroad, except by being packaged with the other components of the cabinet to form new tariff entities, i.e. furniture." The parties also agree that "[n]othing was done to the U.S. glass panels in New Zealand except to repack them with the rest of the unassembled cabinet components."

Plaintiff contends that the glass panels are entitled to duty-free entry as American products "returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad," under item 800.00, TSUS. The parties agree that "[a]ll administrative regulation requirements for entry with benefit of either Item 807.00 or Item 800.00, TSUS, have [been] complied with or waived." The defendant, however, asserts that "[t]he merchandise is not classifiable under item 800.00 because the glass panels were packaged with foreign made merchandise to form unassembled cabinets, which must be classified as an entity."

In support of its position, plaintiff cites cases in which the Customs Court held that American products, returned to the United States after having been repackaged abroad, were nonetheless entitled to, and were granted, duty free entry under item 800.00, TSUS.

In *Border Brokerage Co. v. United States*, 65 Cust.Ct. 50, C.D. 4052, 314 F.Supp. 788 (1970), the imported merchandise consisted of tomatoes grown in the United States, exported to Canada "where they were unloaded, unpacked, sorted, graded by color and size, ... repacked" and returned to the United States. 65 Cust.Ct. at 52, 314 F.Supp. at 790. Plaintiff did not contest the classification, but contended "that the tomatoes [were] entitled to entry free of duty pursuant to item 800.00 of the tariff schedules as returned American products not advanced in value or improved in condition while abroad." *Id.* at 52, 314 F.Supp. at 789.

The *Border Brokerage* court stated "that the test to be applied in item 800.00 cases is whether the merchandise of American origin has itself ... been the object of advancement in value or improvement in condition while abroad." *Id.* at 55, 314 F.Supp. at 792. The court noted "that nothing more was done to the tomatoes themselves in Canada than that which is entailed in their physical transfer, with selectivity, from one size carton to a carton of a smaller size." *Id.* Hence, the court held that the tomatoes were entitled to duty free entry, under item 800.00, TSUS, because "the involved tomatoes have not been advanced in value or improved in condition while in Canada...." *Id.*

In *John V. Carr & Son, Inc. v. United States*, 69 Cust.Ct. 78, C.D. 4377, 347 F.Supp. 1390 (1972), *aff'd*, 61 CCPA 52, C.A.D. 1118, 496 F.2d 1225 (1974), the imported merchandise consisted of tin containers with fish hooks of varying sizes. The fish hooks were manufactured in the United States, exported to Hong Kong, where they were packaged, and returned to the United States. Plaintiff did not contest the classification, but "contend[ed] that the value of the fish hooks should have been deducted from the total dutiable value of the merchandise since they [were] entitled to entry free of duty under either [item 800.00 or item 807.00] of the tariff schedules." 69 Cust.Ct. at 80, 347 F.Supp. at 1392.

In *John V. Carr*, the court noted that "nothing whatever was done to the fish hooks which altered them or changed their condition." *Id.* at 92, 347 F.Supp. at 1400. The court held that the fish hooks were entitled to duty free entry, because "absent some alteration or change in the articles themselves, the mere sorting and repacking of goods, even for the purposes of resale to the ultimate consumer, [were] not sufficient to preclude the merchandise from being classified as returned American products under item 800.00 of the tariff schedules." *Id.* at 93, 347 F.Supp. at 1400. The Court of Customs and Patent Appeals affirmed, and adopted as its own the opinion of the Customs Court.

In the present case, it is undisputed that the glass panels were not changed or advanced during the time they were abroad. Indeed, defendant admits that "[n]othing was done to the U.S. glass panels in New Zealand except to repack them with the rest of the unassembled cabinet components." Hence, the holdings and reasoning of *Border Brokerage* and *John V. Carr*, indicate that the glass panels are entitled to duty free entry under item 800.00, TSUS.

Defendant, however, asserts that "[t]he merchandise is not classifiable under item 800.00 because the glass panels were packaged with foreign made merchandise to form unassembled cabinets, which must be classified as an entity." Defendant argues that "[a]s an entity, the imported merchandise is clearly not a product of the United States." Defendant's strict construction of item 800.00, TSUS, would frustrate what seems to be the fundamental legislative policy embodied in that item. The defendant does not state any policy or principle in support of its strict construction of item 800.00, TSUS. Furthermore, there is no apparent administrative inconvenience or difficulty that would be caused by permitting duty free entry, under item 800.00, TSUS, to American goods returned packaged with or as part of merchandise classified as an "entirety."

Defendant does contend that "plaintiff is attempting to revive the doctrine of constructive segregation...." According to defendant, the doctrine of "constructive segregation" "provided that American goods returned to the United States in combination with foreign articles were exempt from duty pursuant to paragraph 1615(a) [of the Tariff Act of 1930, the predecessor statute to item 800.00, TSUS,] if they had not been advanced in value, or improved in condition, and their identity had not been lost by reason of their combination."

The doctrine of "constructive segregation" is illustrated by *Oakville Co. v. United States*, 58 Cust.Ct. 79, C.D. 2893 (1967), *modified*, 56 CCPA 1, C.A.D. 943, 402 F.2d 1016 (1968). In *Oakville Co.*, the imported merchandise consisted of pins and tape manufactured in the United States, exported "to Canada where they were packaged in lots of 5,000 pins on a paper tape, wound onto a wooden core forming a wheel-like roll, with two cardboard side discs stapled to the wooden core" and returned to the United States. 58 Cust.Ct. at 79. The merchandise was classified "as common pins under paragraph 350 of the Tariff Act of 1930, as modified...." *Id.* at 80. Plaintiff contested the classification of the imported merchandise, and contended that the pins were entitled to duty free entry under paragraph 1615(a) of the Tariff Act of 1930. In addition, "plaintiff further claimed that the wooden spools, paper tape, and cardboard discs constitute the usual and ordinary containers for the imported pins and, as such, were entitled to duty-free entry as the usual containers of duty-free merchandise." *Id.*

The court in *Oakville Co.* noted that "[e]ach and every pin arranged and assembled into the roll of 5,000 is identifiable, and, further, ... nothing was done to change the pins physically or chemically." *Id.* at 87. The court also observed that "[t]he record states also that the paper tape is of American manufacture." *Id.* Hence, the court held that the pins and tape were entitled to duty free entry under paragraph 1615(a). The court, however, denied plaintiff's claim that the rest of the imported merchandise was entitled to duty free entry. *Id.* at 88.

On appeal, the Court of Customs and Patent Appeals modified the judgment of the Customs Court, but specifically affirmed the determination that the pins and tape were entitled to duty free entry, as American goods returned, under paragraph 1615(a). *See* 56 CCPA at 7, 402 F.2d at 1020. The court, however, noted "that what was imported was a 'different commercial entity' from what was exported from the United States." *Id.* The court held "that the imports, pins-in-rolls, are dutiable as an entity and cannot be split up into their component parts merely because two of those parts are duty-free as American goods returned." *Id.* at 9, 402 F.2d at 1022. Hence, the Court of Customs and Patent Appeals directed Customs to ap-

praise the imported merchandise as pins on rolls under paragraph 350 of the Tariff Act of 1930, with duty assessed at the value of the merchandise less the value, under paragraph 1615(g), of the American goods returned pins and tape.

■ In support of its contention that the doctrine of "constructive segregation" is no longer valid, defendant cites the Tariff Classification Study of 1960. The Study was made pursuant to section 101(a) of the Customs Simplification Act of 1954, which directed the United States Tariff Commission "to make a complete study of all provisions of the customs laws of the United States[,] . . . [and to] [e]stablish schedules of tariff classifications which will be logical in arrangement and terminology and adapted to the changes which have occurred since 1930 in the character and importance of articles produced in and imported into the United States and in the markets in which they are sold." Customs Simplification Act of 1954, Pub.L. No. 83–768, § 101(a), 68 Stat. 1136, 1136 (1954). The Tariff Classification Study of 1960 "has been resorted to in the construction of the meaning of provisions of the tariff schedules, [but] such recourse is to be taken only in instances where the meaning of the language, as it appears in the tariff schedules, is doubtful or ambiguous, or such a reference is used to corroborate a conclusion reached." *Border Brokerage Co. v. United States*, 63 Cust.Ct. 243, 246, C.D. 3903 (1969) (citation omitted).

The Study noted that "Customs, in numerous rulings . . ., has allowed free entry to American-made components assembled into foreign articles if, 'under the theory of constructive segregation,' the components are 'capable of being identified and removed without injury' to themselves or to the articles into which they have been assembled." United States Tariff Commission, *Tariff Classification Study*, sched. 8, part 1, p. 14. The Study states that:

[t]he only classification which must be made for tariff purposes is the classification of the imported article as an entirety. The substance of the issue is what proof shall be required to satisfy customs officers—(1) that an American part has been assembled into the imported article, and

(2) that such part was assembled therein without having been changed in condition.

*Id.*

Defendant contends that this language "states that item 807.00 was intended to do away with the doctrine [of constructive segregation]." The language quoted by plaintiff, however, indicates clearly that, if the component is "assembled . . . without having been changed in condition," it may be accorded American goods returned treatment even though it is classified together with the entity.

It is nonetheless beyond question that after a thorough consideration of the issue, the court in *John V. Carr*, stated that "the mere . . . repacking of goods, . . . [is] not sufficient to preclude the merchandise from being classified as returned American products under item 800.00 of the tariff schedules." *John V. Carr*, 69 Cust.Ct. at 93, 347 F.Supp. at 1400. *See also Border Brokerage*, 65 Cust.Ct. at 55–56, 314 F.Supp. at 792.

Furthermore, under the doctrine of constructive segregation, "American components *assembled into articles abroad* were held not to have been advanced in value if they could be identified and removed from the article without injury to themselves or to the article." *United States v. Baylis Bros. Co.*, 59 CCPA 9, 11–12, C.A.D. 1026, 451 F.2d 643, 646 (1971) (emphasis added). In this case, the American manufactured glass panels were not "assembled into" the imported merchandise. Rather, they were merely packed or packaged with the imported merchandise. As stated by plaintiff at oral argument, the glass panels were "wrapped in cardboard into a package with the stereo components. . . ."

Headnote 1 to schedule 8 of the TSUS provides that "the rule of relative specificity in headnote 10(c) of the General Headnotes and Rules of Interpretation," does not apply to schedule 8. Thus, for item 800.00, TSUS, it is not necessarily true that "an imported article which is described in two or more provisions of the schedules is

classifiable in the provision which most specifically describes it...." General Interpretative Rule 10(c). Instead, headnote 1 of schedule 8 specifically directs that "any article which is described in any provision in this schedule is classifiable in said provision if the conditions and requirements thereof and of any applicable regulations are met." In this case, it has been stipulated that "[a]ll administrative regulation requirements for entry under ... Item 800.00, TSUS, have [been] complied with or waived."

Hence, it is the determination of the court that the glass panels are entitled to duty free entry under item 800.00, TSUS. Accordingly, plaintiff's alternative argument, that "the glass panels qualify for entry under item 807.00, TSUS, as U.S. products assembled abroad[,]" need not be considered.

## CONCLUSION

In view of the foregoing, the court holds that the glass panels of the imported cabinets are entitled to duty free entry under item 800.00, TSUS. Accordingly, plaintiff's motion for summary judgment is granted in part.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now in conformity with said decision,

IT IS HEREBY ORDER, ADJUDGED, AND DECREED: that plaintiff's motion for summary judgment as to the American goods returned treatment of the glass panels, under item 800.00, TSUS, is granted; and defendant's corresponding cross motion is denied; and it is further:

ORDERED, ADJUDGED, AND DECREED: that the United States Customs Service shall reliquidate the entries in accordance with this opinion, and shall refund any excess duties paid together with interest, as provided by law; and it is further:

ORDERED, ADJUDGED, AND DECREED: that no determination need be made regarding plaintiff's motion for summary judgment as to the proper classification of models RM 3060D, RM 5100, and RM 5400, of the imported merchandise, since the claim was withdrawn at oral argument. Case dismissed.