Sears Roebuck and Co., plaintiff *v.* United States, defendant

Court No. 87–09–00946

(Dated August 28, 1992)

*Barnes, Richardson & Colburn (Donald J. Unger* and *Brian F. Walsh)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Nancy M. Frieden); Stephen Berke,* U.S. Customs Service, for defendant.

## Memorandum Opinion

DiCarlo, *Chief Judge:* In *Sears Roebuck & Co. v. United States,* 16 CIT 305, Slip Op. 92–60 (April 27, 1992), the court remanded this action to Customs, holding that plaintiff had overcome the presumption of correctness attaching to Customs' classification of camcorders as a combination article consisting of a television camera and a tape recorder under item 685.49, of the Tariff Schedules of the United States (TSUS). The court found that the merchandise, described in plaintiff's invoices as a "color video sound camera (video camera & recorder)," did not consist of a television camera. *Sears Roebuck & Co.,* 16 CIT at 308, Slip Op. 92–68 at 6.

Upon remand, Customs reclassified the merchandise under item 685.40, TSUS, as "Radiotelegraphic and radiotelephonic transmission and reception apparatus: * * * Tape recorders * * * and parts thereof: Other than audio machines: Video: * * * Color: * * * Cartridge or cassette." Customs maintained that its original classification was correct and stated that it intended to assert its original classification should an appeal be taken from a final judgment of this court.

Plaintiff informed the court that it has no interest in challenging the remand determination because the duty rates of its proposed alternatives were equal to or exceeded the duty rate under item 685.40, TSUS. Plaintiff noted that the court could find classification under item 685.40, TSUS, was against the weight of the evidence and referred the court to portions of its original briefs which alleged that the merchandise did not consist of a tape recorder. Although item 685.40 was one of its proposed alternatives, plaintiff maintains that the merchandise is properly classifiable as an electrical article, not specifically provided for, under item 688.42, TSUS.

## Discussion

In *Jarvis Clark Co. v. United States,* 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878, *reh'g denied,* 2 Fed. Cir. (T) 97, 739 F.2d 628 (1984), the Court of Appeals for the Federal Circuit stated that this court is "required to reach a *correct* result" in every case. This "court must consider whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Id.,* 733 F.2d at 878.

Therefore, the issue is whether Customs correctly classified the merchandise as a tape recorder. This determination is presumed to be correct. 28 U.S.C. § 2639(a)(1) (1988).

The court is to determine the meaning of a tariff term as of the time of enactment of the provision. *Sears, Roebuck & Co. v. United States*, 46 CCPA 79, 82, C.A.D. 701 (1959). The TSUS provision for tape recorder is an *eo nomine* provision, which in the absence of limitations or a contrary legislative intent, includes all forms of the product. *Tomoegawa USA, Inc. v. United States*, 12 CIT 112, 116, 681 F. Supp. 867, 870, *aff'd in part, vacated and remanded in part*, 7 Fed. Cir. (T) 29, 861 F.2d 1275 (1988).

In its brief, plaintiff asserts that the portion of the merchandise which the government claims is a tape recorder is, in fact, a video cassette recorder which records visual images and sound. Plaintiff contends the term "tape recorder" was commonly understood at the time of enactment of the provision to include only recorders of sound. *See Webster's New International Dictionary of the English Language, Second Edition, Unabridged* (1961) (defining tape recorder as a magnetic recorder).

Plaintiff acknowledges that while not in common use, video tape recorders existed at the time of enactment of the provision. *Plaintiff's Brief* at 36. Also, the TSUS as enacted contained a provision for "Magnetic video tape on which pictures or pictures and sound have been recorded," item 724.12, which indicates Congress knew that magnetic video tapes were articles of commerce. Since Congress made no separate provision for video tape recorders, even though it knew of video taping, it can be concluded that Congress intended to include video tape recorders under the tariff provision for tape recorders. *See St. Regis Paper Co. v. United States*, 11 CIT 601, 606 (1987). This conclusion is consistent with one "of the purposes of the TSUS, insofar as schedule 6 is concerned, [which] was to reduce the importance of the basket provisions of the Tariff Act of 1930." *NECO Elec. Prods. v. United States*, 14 CIT 181, 191, Slip Op. 90–26 at 22 (March 19, 1990)(quoting *Hawaiian Motor Co. v. United States*, 67 CCPA 42, 46, C.A.D. 1241, 617 F.2d 286, 289 (1980)).

Where merchandise has a primary function and a subordinate incidental function, the primary function governs classification of the merchandise. *Carling Elec. Co. v. United States*, 7 CIT 303, 310, 592 F. Supp. 667, 672 (1984), *aff'd*, 3 Fed. Cir. (T) 109, 757 F.2d 1285 (1985); *see also, Digital Equip. Corp. v. United States*, 8 Fed. Cir. (T) at 5, 7, 889 F.2d 267, 268 (1989) ("The courts have uniformly held that merchandise which constitutes more than a particular article or which has additional non-subordinate or coequal functions is not classifiable as that article.").

In *Sears, Roebuck & Co.*, 16 CIT at 308, Slip Op. 92–60 at 7, the court found the primary purpose of the merchandise is to produce a tape of what appears before the lens. The evidence demonstrates that when connected to a television receiver, the merchandise can be used to record television programs and view video tapes. Although the merchandise may be able to record in only one speed and lacks a tuner, Tr. at 37 &

96–98, the TSUS provision for tape recorder includes all forms of the product.

While the merchandise can be connected to a local monitor for live monitoring, this function is not described in the owner's manual. Tr. at 108. One of plaintiff's witnesses testified, *id.*, and the Court finds that the merchandise's ability to perform live monitoring is subordinate to its primary function of recording scenes. Other features of the merchandise, such as auto-focus, manual focus, power zoom, macro focus, auto-iris, fade-in, fade-out and date setting are features which assist and improve the merchandise's ability to produce a recording.

### CONCLUSION

Because the primary function of the merchandise is that of a tape recorder, the description under the *eo nomine* provision for tape recorder is more specific than item 688.42, TSUS, an electrical article, not specifically provided for. *See, e.g., Terumo Corp. v. United States*, 8 CIT 44, 45 (1984) (*citing United States v. Astra Trading Corp.*, 44 CCPA 8, C.A.D. 627 (1956)). The Court holds, therefore, that plaintiff has not overcome the presumption that the merchandise is properly classified under item 685.40, TSUS. *See* 28 U.S.C. § 2639(a)(1).