Slip Op. 07 - 114

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - x
VALUE VINYLS, INC.,                    :

                         Plaintiff,   :

          v.                           :    Court No. 01-00896

UNITED STATES,                         :

                         Defendant.   :
- - - - - - - - - - - - - - - - - - x


Memorandum & Order

[Defendant's motion for rehearing or reconsider-
 ation of the court's judgment granted, in part.]


                              Dated:  July 20, 2007


        Givens & Johnston PLLC (Robert T. Givens and Rayburn Berry)
for the plaintiff.

        Peter D. Keisler, Assistant Attorney General; Barbara S.
Williams, Attorney in Charge, International Trade Field Office,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (James A. Curley); and Office of Assistant Chief
Counsel, International Trade Litigation, U.S. Customs and Border
Protection (Beth C. Brotman), of counsel, for the defendant.


        AQUILINO, Senior Judge: Final judgment has been entered in this action pursuant to slip opinion 07-17, 31 CIT ___ (Jan. 30, 2007), familiarity with which is presumed, that adjudged and decreed plaintiff's merchandise as correctly

classifiable under subheading 3921.90.11 of the Harmonized Tariff Schedule of the United States ("HTSUS") and that ordered U.S. Customs and Border Protection ("CBP") to reliquidate any entries of that merchandise that have not been liquidated thereunder.  Counsel for the defendant have responded with a Motion for Rehearing or Reconsideration of the Court's Judgment, which protests that this court has

> erred in (1) placing undue reliance on the cross-references found in the Conversion Report (USITC Pub. 1400), rather than on the traditional classification process . . .; and (2) failing to apply the traditional classification process to determine whether the imported merchandise satisfied the requirements for classification under subheading 3921.90.11 . . ..

Defendant's Brief in Reply, p. 2 (citations omitted).


                                I

        Suffice it to report that this motion has caused the court to reconsider its slip opinion and concomitant judgment. Suffice it also to verify, however, that, as always in a matter such as this, the court has adhered to its duty "to find the *correct* result[] by whatever procedure is best suited to the case at hand", Jarvis Clark Co. v. United States, 733 F.2d 873, 878, reh'g denied, 739 F.2d 628 (Fed.Cir. 1984)(emphasis in

original), and has indeed applied "the traditional classifi-
cation process". <u>See</u> Slip Op. 07-17 *passim*.

Whether labeled "appropriate means", 733 F.2d at 880,
or "traditional process", classification under the tariff
schedules always involves first a reading of the language that
particular imports arguably implicate therein. Here, there is
no dispute as to what that HTSUS language is, namely, heading
3921 ("Other plates, sheets, film, foil and strip, of plastics")
and subheadings:

```
3921.90     Other:
                    Combined with textile materials and
                    weighing not more than 1.492 kg/m²:
                            Products with textile components
                            in which man-made fibers predomi-
                            nate by weight over any other
                            single textile fiber:
3921.90.11                        Over 70 percent by weight
                                  of plastics

                        *     *     *

3921.90.19          Other
```

The defendant now apparently considers this language clear and
unambiguous. This court does not. Indeed, as recognized in
slip opinion 07-17, in a prior case Customs took the position
that the language "[w]ith textile components in which man-made
fibers predominate by weight over any other single textile
fiber", which was also found in HTSUS subheading 4010.91.15
(1989),

does *not* require the presence of more than one "class of" textile fiber in order for man-made fibers "to predominate by weight over any other single textile fiber."

31 CIT at ___, Slip Op. 07-17, p. 11, quoting from Semperit Indus. Prods., Inc. v. United States, 18 CIT 578, 582, 855 F.Supp. 1292, 1296 (1994)(emphasis in original).  The court in that matter did not agree.

Where the language of a statute is clear, a court should not inquire further into the intent of Congress.  E.g., Pillowtex Corp. v. United States, 171 F.3d 1370, 1373 (Fed.Cir. 1999).  That is not the case here, nor was it in Semperit, where the court considered the common and popular meaning of the word "predominate" after concluding there was no clear legislative intent.  See 18 CIT at 585, 855 F.Supp. at 1298.

In the case at bar, this court has had to apply the same statutory interpretation hierarchy to all of the terms at issue, taking the legislative intent into account.  See, e.g., Brecht Corp. v. United States, 25 CCPA 9, 13, T.D. 48977 (1937); and United States v. Clay Adams Co., 20 CCPA 285, 288-89, T.D. 46078 (1932).  That is, in accordance with the traditional classification process, this court resorted to legislative

history for assistance in interpreting the meaning.  See 31 CIT at ___, Slip Op. 07-17, p. 2, citing Cherokee Nation of Oklahoma v. Leavitt, 543 U.S. 631 (2005).

The defendant apparently considers the reported result of this resort to be "undue reliance".  But other courts have taken the "Conversion Report", USITC Pub. 1400 (June 1983), into account.  E.g., Jewelpak Corp. v. United States, 297 F.3d 1326, 1342-43 (Fed.Cir. 2002)(Gajarsa, J., dissenting)("that Congress intended [the conversion] to be essentially revenue neutral[] provides a strong rationale");  Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1368 (Fed.Cir. 1998)("Conversion Report is 'clearly relevant' in determining the correct classification"), citing Beloit Corp. v. United States, 18 CIT 67, 81, 843 F.Supp. 1489, 1499 (1994).  Indeed, as noted in slip opinion 07-17, the defendant took the position in Semperit, supra, that

> Congress intended to diverge from the principle set forth in the ITC Report and relied upon by plaintiff that the rates established in the TSUS [Tariff Schedules of the United States] should carry over to the HTSUS.

18 CIT at 583-84, 855 F.Supp. at 1297.  Again, that court did not agree with the defendant.  See 31 CIT at ___, Slip Op. 07-17, p. 13, quoting from 18 CIT at 588, 855 F.Supp. at 1300.

Be those cases as they were, including, for example, Lonza, Inc. v. United States, 46 F.3d 1098 (Fed.Cir. 1995), wherein a particular HTSUS provision was found to be a marked departure from the TSUS, defendant's motion at bar does not show any intent on the part of Congress that transformation of the TSUS into the HTSUS would also transmogrify the 4.2 percent duty that clearly would have attached to entries of plaintiff's goods under TSUS item 355.81 into the duty advance CBP now demands.

The record reflects that plaintiff's product by weight is 82 percent plastic and 18 percent man-made textile material that together weigh less than 1.492 kilograms per square meter. Given this makeup, in the light of the "duty" enunciated by the court of appeals in Jarvis Clark, this court cannot (and therefore has not) come to conclude that classification of this merchandise is more correct, or better, under HTSUS subheading 3921.90.19 than 3921.90.11.

II

In having hereby engaged in reconsideration of slip opinion 07-17, as requested by defendant's instant motion, this court cannot discern any "miscarriage of justice" of the kind that motions like defendant's are interposed to correct.  See,

e.g., <u>Starkey Laboratories, Inc. v. United States</u>, 24 CIT 504,
110 F.Supp.2d 945 (2000), and cases cited therein.  Ergo, the
requested amendment of the judgment entered pursuant to slip
opinion 07-17 must be, and it hereby is, denied.

So ordered.

Dated:    New York, New York
          July 20, 2007


                              /s/ Thomas J. Aquilino, Jr.
                                    Senior Judge