SLIP OP. 00-9

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: JAMES L. WATSON, SENIOR JUDGE**

─────────────────────────────────X

**THOM S. ZANI D/B/A**                            :
**WHOLESALE ART &  FRAME LTD.,**

      **Plaintiff,**                  :         **Court No. 95-07-00907**

      **v.**

                           :

**UNITED STATES,**

      **Defendant.**                  :

─────────────────────────────────X

[Defendant's motion  in limine  granted in part.]

Peter S. Herrick and Neil B. Mooney, Esqs. for plaintiff.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge,
International Trade Field Office (Amy M. Rubin), Commercial Litigation Branch, Civil Division, U.S.
Department of Justice.

                  Dated: January 31, 2000

**OPNION AND ORDER**

**WATSON, SENIOR JUDGE**

**BACKGROUND**

This classification action under 28 U.S.C. § 1581(a)  is currently before the court on remand by

the Federal Circuit for a trial on the merits. Thom s. Zani d/b/a Wholesale Art & Frame Ltd. v. United

States, Appeal No. 97-1115, 1998 WL 729247 (Fed. Cir. October 16, 1998).   Defendant has

moved in limine to exclude certain exhibits and testimony plaintiff proposes to submit at trial, as set forth

in the parties' joint pretrial order.

Briefly, the background of the current motion is as follows.

The merchandise at issue, certain paintings imported by plaintiff from Hong Kong and Korea, was classified by the United States Customs Service ("Customs") under the provision for  "[o]ther made up articles: . . .Other" in  subheading 6307.90.99 of the Harmonized Tariff Schedule of the United States ("HTSUS"). Plaintiff, an importer and distributor of paintings and frames, claims that the merchandise is properly free of duty under the provision in subheading 9701.10.00, HTSUS, for "Paintings, drawings, and pastels, executed entirely by hand." On the merits, the issue revolves around whether the imports were "executed entirely by hand,"
as claimed by Zani.

This court granted summary judgment to defendant sustaining Customs' classification. Zani v. United States, 976 F. Supp. 1033 (CIT 1997). On appeal, the Federal Circuit vacated this court's grant of summary judgment and remanded for a trial to resolve disputed issues of fact, including the reliability of Customs laboratory test. Specifically, the Federal Circuit remanded the case "[b]ecause there are genuine issues of fact to be resolved, including the adequacy of the Customs Service's sampling of the paintings imported by Mr. Zani, the reliability of the Customs Service's laboratory report regarding the sampled paintings, and the exact nature of the methods used in producing the paintings at issue, and because there is an open question as to the meaning of the term "stencil" in relation to subheading 9701.10.00 of the HTSUS."  Zani, supra.        .

As previously directed by the court, on January 20, 2000, the parties submitted their proposed joint pre-trial order, and based upon the order it appears that the positions of the parties are as follows.

Defendant insists  that the imports are classifiable under subheading 6307.90.00, HTSUS,

rather than subheading 9701.10.00 because they were not "executed entirely by hand," based upon

laboratory testing and a report by the Customs laboratory in Savannah, Georgia dated January 19,

1994, that  three sample paintings tested were produced with the use of a stencil. The joint pretrial

order, Schedules E-2 and F-2, further discloses that the Government is relying on the presumption of

correctness attaching to the classification of the merchandise, and specifically on "the presumptively

correct determination by the Customs Service [laboratory] that the imported merchandise was not

"executed entirely by hand."  Further, defendant contends that plaintiff has the burden of overcoming

the presumption of correctness.

Plaintiff contends that the evidence at trial will show that Customs' testing and laboratory report

are unreliable because the samples tested were not representative of the subject merchandise[1] and the

tests fail under the admissibility factors for the use of  "scientific, technical, or other specialized

knowledge" at trial in  Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).[2]

---

[1] Plaintiff asserts that the samples tested by Customs' laboratory were taken from an unidentified entry and are not representative of the subject merchandise.

[2] Customs' official laboratory reports must be transmitted to the clerk of the court by Customs in accordance with to 28 U.S.C. § 2635(a) and CIT Rule 70, whether or not in dispute, and under Rule 70 are automatically  "part of the official record of the civil action," notwithstanding de novo review in classification cases pursuant to 28 U.S.C.§ 2640(a).  Moreover, under CIT Rule 70 disputed Customs laboratory reports are part of the official record of the civil action whether or not the report would be admissible under the Daubert factors and Federal Rules of Evidence. Thus, in this case the hotly disputed issues concerning whether the Customs laboratory's samples were representative of the imported merchandise and whether Customs' tests even meet the Daubert factors cannot be addressed to the court as "gatekeeper"  on the issue of admissibility of scientific evidence under the Federal Rules of Evidence, but  only as to the reliability of Customs' testing, and the weight to be accorded to the

Finally, plaintiff posits that  the "stencils" referred to in the Explanatory Notes to the HTSUS are the type that are used in a mechanized system of manufacturing machine-produced painted or silk-screened articles, while plaintiff's artists occasionally use a single hand-held stencil when painting, which is not contemplated by the Explanatory Notes, but leaves the artwork "executed entirely by hand" within the purview of subheading 9701.10.00.

Based upon the joint pretrial order listing the evidence the parties intend to offer at trial, defendant has  moved in limine to exclude certain testimony and exhibits plaintiff intends to present. Specifically, Schedule G-1 of the pretrial order discloses that plaintiff will, in addition to his own testimony, call as an expert witness, Wanda Barney, a commercial artist residing in Boca Raton, Florida.  Additionally, Schedule H-1 of the joint pretrial order lists as  plaintiff's exhibits to be offered in evidence at trial: the stencil allegedly used by the Hong Kong artist's studio from which Zani purchased paintings; an affidavit of Fred W. Scholle, plaintiff's Hong   Kong supplier, dated April 26, 1994; and an affidavit of Jorge Vallina, Professor of Art, University of Miami, dated April 28, 1994. The foregoing affidavits were among the papers previously submitted by plaintiff to the court  in connection with the

---

laboratory report.  See Libas, Ltd. v. United States, 193 F.3d 1361 (Fed. Cir. Oct. 7, 1999), citing Daubert and Kumho Tire Co. Ltd. v. Carmichael, 119 S. Ct. 1167 (1999).

In Libas, the Federal Circuit held that since the laboratory report in question was part of the "official record" in accordance with 28 U.S.C. § 2635(a), the admissibility of the laboratory report was not (and could not be) challenged at trial under the Federal Rules of Evidence. Nonetheless, the Federal Circuit held that the proposition for which Daubert and Kumho stands is that the reliability of expert testimony and scientific tests goes to the weight that evidence is to be accorded as well as to admissibility. The Federal Circuit noted that although at trial, Libas did not raise a Daubert attack as such (i.e., admissibility), "Libas'argument at trial against the reliability of the test was sufficient to rebut the statutory presumption of correctness accorded to Customs classifications." Libas at n.2.

motion for summary judgment.

For the reasons that follow, defendant's motion is granted in part.

## DISCUSSION

Defendant's motion in limine raises certain pretrial evidentiary issues aimed at the exclusion of much of plaintiff's proposed trial evidence. Specifically, defendant seeks to now exclude in limine: (1) the testimony of plaintiff's expert witness Wanda Barney; (2) the stencil; and (3) the two affidavits that plaintiff intends to offer at trial.

## I.

## PLAINTIFF'S  EXPERT WITNESS WANDA BARNEY

The joint pretrial order lists Ms. Wanda Barney, a commercial artist residing in Boca Raton, Florida, as an expert witness. Defendant seeks to exclude Ms. Barney's testimony on the ground the witness was not previously listed or identified by plaintiff in response to defendant's interrogatories requesting the identities of witnesses to be called at trial, and was not identified as an expert witness until the joint pretrial order was filed.

The court agrees with defendant that as soon as Ms. Barney was retained by plaintiff as an expert witness to testify at trial, in light of the prior interrogatories plaintiff should have promptly informed defendant that plaintiff intended to use Ms. Barney at trial. See CIT Rules 26(b)(4)(A)(i), 26(e). However, the court sees no prejudice to defendant if defendant is permitted to depose the witness prior to trial.

Hence, in order to avoid possible prejudice to defendant's trial preparation, and specifically, to defendant's  rights of discovery in connection with expert witnesses pursuant to CIT Rule 26(b)(4),

defendant's request, in the alternative, to depose Ms. Barney is granted, but defendant shall pay a reasonable expert witness fee, as provided in CIT Rule 26(b)(4)(C), and also pay all costs, charges and expenses incident to taking the deposition as provided in CIT Rule 26(h). Such deposition may be taken in conformity with a written stipulation of the parties pursuant to CIT Rule 29, or otherwise in accordance with the rules of the court, but no later than March 1, 2000.

## II.

### PLAINTIFF'S  STENCIL EXHIBIT

Defendant claims in the joint pretrial order that the Savannah Customs laboratory report listed by defendant in the joint pretrial order indicates that a "mechanical device (a stencil)" was used in the production of the paintings at issue. Plaintiff contends in the joint pretrial order that use of  a hand-held type of  "stencil" in producing a painting does not disqualify the painting  as "executed entirely by hand" within the purview of  subheading 9701.10.00, HTUS, and that at trial plaintiff will offer as an exhibit "a highly relevant actual stencil from his supplier," Pltf's Opp. Mem. at 2.

Plaintiff states that he intends to authenticate the stencil exhibit at trial by his own testimony and certain documents, addressed infra. Defendant, however, seeks pretrial exclusion from evidence of the stencil exhibit on the ground that  Mr. Zani will not be able to testify at trial from personal knowledge that the stencil is what plaintiff claims it is - - the actual stencil used by plaintiff's supplier to create the paintings.  Therefore, argues defendant, the proffered stencil cannot possibly be authenticated as required by Fed. R. Evid.  901, and therefore, the proposed exhibit is inadmissible.

In its memorandum in support of the current motion, at 2, defendant makes reference to certain aspects of its pretrial  discovery, viz., a deposition and answers to interrogatories of Mr. Zani. The

deposition and answers by Mr. Zani while  part of defendant's discovery materials that may be available for use at trial under the rules of evidence, are not now before the court at this pretrial juncture in support of defendant's motion in limine.

In ruling on defendant's motion in limine, the court will not speculate on or attempt to predict whether or not Mr. Zani's testimony at trial will properly authenticate the proposed exhibit based on the witness' personal knowledge as the actual stencil used by the supplier's artist to produce the paintings. A motion in limine to obtain pretrial evidentiary rulings as to the admissibility of evidence is unquestionably a valuable tool for litigants, if appropriately used, and  may assist both the parties' trial preparation and narrow the evidentiary issues for the court.  Nonetheless, pretrial rulings on a motion in limine must be approached with extreme caution when, as here, evidence that may otherwise be admissible is sought to be excluded prior to trial  simply on the basis that a proper foundation for its admission, such as authentication of an exhibit through the testimony of a witness, cannot adduced at trial.

The short of the matter is that the court simply cannot now make a pretrial ruling as to whether Zani's trial testimony will or will not properly authenticate the stencil exhibit in accordance with Fed. R. Evid. 901. That ruling must await what happens at trial.

Defendant further maintains that the stencil exhibit should be excluded at trial because during discovery plaintiff failed to provide defendant with a requested detailed description of the stencil used to create the paintings and the manner in which they were used, or even a photograph. With respect to defendant's alleged difficulties in obtaining requested information from plaintiff during discovery, the court must consider that defendant failed to pursue its  remedies under CIT Rule 37, and is now

somewhat belatedly raising discovery compliance issues in support of its motion in limine.

Plaintiff further states that in addition to his testimony at trial to authenticate the stencil exhibit, he will produce certain correspondence from the supplier and the original shipping envelope, in which the stencil arrived from Asia. However, the admissibility of the supplier's correspondence and shipping envelope for the truth of any statements contained therein are subject to the hearsay rule, see Fed. R. Evid. 801(c), and no exception to that rule has been urged by plaintiff. Plaintiff shall not be permitted to offer into evidence at trial the correspondence and shipping envelope for the truth of any statements therein.

In sum, as the court cannot at this juncture rule on whether Mr. Zani's testimony can properly authenticate the stencil exhibit, defendant's motion in limine to exclude the stencil for lack of authentication is denied.  However,  at least thirty (30) days prior the scheduled trial date, Mr. Zani is directed to supplement his responses to defendant's discovery requests by providing defendant with a detailed narrative description of the stencil to be offered at trial, and the manner in which it was allegedly used to create the imports, if based on his personal observations and knowledge. See CIT Rule 26(e)(3).

### III.

### PLAINTIFF'S  AFFIDAVIT EVIDENCE

Plaintiff's argument that  the court should admit the hearsay affidavits of Scholle and Vallina at trial since they were previously submitted by plaintiff in opposition to the Government's motion for summary judgment, and because the affiants are not available for testimony at trial is frivolous. Unfortunately, the witnesses now unavailable to testify at trial were not deposed. See CIT Rule

32(a)(3). Affidavits while expressly proper for consideration on a motion for summary judgment under

CIT Rule 56, other motion pursuant to CIT Rules 43(c) 1

and 59(c), or when the value of merchandise is at issue, pursuant to 28 U.S.C. § 2639(c) and CIT Rule

43(e), are not necessarily admissible into evidence at a trial on the merits to resolve disputed issues of

fact in a classification case.[3]

**<u>Affidavit of Fred W. Scholle.</u>**

The Scholle affidavit in question, dated April 26, 1994, executed nearly six years ago, is

objected to by defendant on the grounds that it is not self-authenticating pursuant to Fed. R. Evid. 902,

and constitutes inadmissible hearsay. The authentication question aside, even if authenticated, the

affidavit of Fred W. Scholle clearly is hearsay as defined by Fed. R. Evid. 801(c) and inadmissible at

trial, unless subject to one of the hearsay rule exceptions.

Recognizing that the affidavit is hearsay, plaintiff urges that at trial he will offer the Scholle

affidavit under the business record exception in Fed. R. Evid. 803(6).  Admittedly, however,  the

affidavit in question was simply one of a series of "protestations" to Customs' classification decision

tendered to plaintiff to support his classification claim at Customs. Plainly, the affidavit was not a record

kept by the supplier in the regular course of the supplier's regularly conducted business of selling

---

[3] Recognizing that the testimony of certain witnesses may practically be available only by deposition or affidavit, particularly witnesses residing abroad, and that the admission of depositions and affidavits of witness is very restricted under the rules of evidence, Congress permitted the depositions and affidavits of persons who attendance cannot reasonably be had to be admitted into evidence <u>in cases where the value of merchandise is in issue</u>. <u>See</u> 28 U.S.C. § 2639(c)(1). This action being a classification case rather than a value case, the foregoing statute is inapplicable, and the admissibility of affidavits is governed by the Federal Rules of Evidence.

paintings and frames within the purview of Fed. R. of Evid. 803(6).

Plaintiff's further contention that the affidavit should be received in evidence under the residual exception of Rule 807 is also patently without merit. The Scholle affidavit is excluded from evidence at trial.

## Affidavit of Professor Jorge Vallina

Recognizing that the affidavit is hearsay, plaintiff argues that the Vallina affidavit should be admitted into evidence under Rule 807, the residual exception,  because the witness is no longer available to testify at trial, and it expresses his expert opinion as a Professor of Art. The witness was never deposed. Defendant opposes the admission into evidence of  Vallina 's affidavit because it is hearsay,  prepared solely for purposes of litigation, and also because the expert witness was not identified by plaintiff in response to defendant's interrogatories until the filing of the joint pretrial order.

The affidavit must be excluded under the hearsay rule and does not fall within the exception of Rule 807.

**SO ORDERED.**

Dated: New York, New York
     January 31, 2000                           James L. Watson, Senior Judge