**Slip Op. 03-122**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD W. GOLDBERG, SENIOR JUDGE**

|   |   |
|---|---|
| RUSS BERRIE & COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 00-00018 |

[Summary judgment for plaintiff.]

Dated: September 17, 2003

Serko & Simon, LLP (Joel Kenneth Simon) for plaintiff Russ Berrie & Company, Inc.

Peter D. Keisler, Assistant Attorney General, John J. Mahon, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mikki Graves Walser); Office of the Assistant Chief Counsel, International Trade Litigation, United States Bureau of Customs and Border Protection (Beth C. Brotman), Of Counsel, for defendant United States.

**OPINION**

**GOLDBERG, Senior Judge:** This matter is before the Court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment pursuant to USCIT R. 56. It involves the proper classification of earrings and pins portraying motifs associated with Christmas and Halloween. The case requires the Court to interpret the scope of the term "festive articles" as it

appears in heading 9505 of the Harmonized Tariff Schedules of the United States ("HTSUS") and determine the relationship between Chapters 95 and 71 of the HTSUS.

For the reasons that follow, the Court finds in favor of the plaintiff and grants plaintiff's motion for summary judgment. Defendant's cross-motion for summary judgment is denied. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

## I. BACKGROUND

Russ Berrie & Company, Inc. ("Russ Berrie") imports consumer gift products. The subject merchandise at issue in this case consists of three varieties of earrings and one set of pins. All of the items involved depict holiday symbols; the pins and two of the earring sets contain Christmas themes, the remaining earring set contains Halloween themes. The items were advertised in seasonal Russ Berrie catalogues, and were distributed to be displayed and sold for the appropriate holiday season.

The items in question entered the United States between April 1998 and July 1998. The U.S. Customs Service[1] ("Customs") classified the items at liquidation under heading 7117, HTSUS

---

[1] It has since become the U.S. Bureau of Customs and Border Protection per the Homeland Security Act of 2002, § 1502, Pub. L. No. 107-296, 116 Stat. 2135, 2308-09 (Nov. 25, 2002), and the Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. 108-32, p. 4 (Feb. 4, 2003).

(under subheadings 7117.19.90 or 7117.90.90, HTSUS) as "imitation jewelry" at a duty rate of 11 percent <u>ad valorem</u>.  Russ Berrie protests Customs' classification, contending that the subject merchandise should be classified under heading 9505, HTSUS (under subheadings 9505.10.2500 and 9505.90.6000, HTSUS) as "festive, carnival or other entertainment articles. . .," for which there is no duty.

## II. STANDARD OF REVIEW

**A.   Summary Judgment and Presumption of Correctness**

"Summary judgment is proper 'if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56).  However, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment will not be granted.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  All inferences will be drawn in favor of the party opposing the motion for summary judgment. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

Customs' tariff classifications are given a presumption of correctness; an importer before the court has the burden of refuting any disputed classification.  <u>See</u> 28 U.S.C. § 2639(a)(1) (1994).  In analyzing the viability of such a challenge, the initial Customs classification must be evaluated "both

independently and in comparison with the importers' proposed alternative."  Anval Nyby Powder AB v. United States, 20 CIT 608, 611, 927 F. Supp. 463, 467 (1996) (quoting Jarvis Clark Co. v. United States, 733 F.2d 873, 878, reh'g denied, 739 F.2d 628 (Fed. Cir. 1984)).

**B.   Judicial deference to Customs' classification rulings**

Customs argues that its interpretation of headings 7117 and 9505, HTSUS in Headquarters Ruling Letters ("HRL") 961913 and 961933 is entitled to judicial respect proportional to its power to persuade.  See Skidmore v. Swift & Co., 323 U.S. 134 (1944). In accordance with Skidmore, the Supreme Court has held that a classification ruling by Customs may be granted deference on the basis of "its writer's thoroughness, logic, and expertness, its fit with prior interpretations, and any other sources of weight." United States v. Mead Corp., 533 U.S. 218, 235 (2001).

Applying these factors to the subject merchandise in the instant case, the Court finds that Customs' classification rulings are not entitled to Skidmore deference.  First, it is debatable whether Customs gave sufficiently thorough consideration to HRL 961913 and HRL 961933.  Customs does not claim that the classification rulings were adopted pursuant to a deliberative notice-and-comment rulemaking process.  This is certainly not dispositive insofar as Skidmore deference is concerned, but nonetheless may be considered by the Court.  In

addition, Customs' classification rulings lack thoroughness and valid reasoning. Neither ruling addresses the operation of relevant chapter notes in Chapters 71 and 95 pursuant to the General Rules of Interpretation ("GRI"). As discussed infra, operation of Chapter 71 Note 3(n) and Chapter 95 Note 2 is pivotal to the classification of the articles in question. Despite a number of letters submitted to the plaintiff during the ruling process, Customs' classification rulings fail even to make note of this line of reasoning. Furthermore, classification of festive articles has long been the subject of controversy, as demonstrated by Customs' repeated efforts to narrow the scope of Chapter 95. See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, 21-22 ("Pl.'s Mem."). The Court recognizes that "Customs can bring the benefit of specialized experience to bear on the subtle questions" that are present in the instant case. Mead, 533 U.S. at 234. However, for the aforementioned reasons, Customs' classification rulings lack the requisite persuasive power to warrant Skidmore deference.

### III. DISCUSSION

**A.  Customs' classification as "imitation jewelry" under heading 7117, HTSUS**

Customs classified the subject merchandise under heading 7117 as "imitation jewelry." Customs argues that this heading is

appropriate because it incorporates any small objects of personal adornment that do not contain pearls, precious metals, or precious or semiprecious stones.  Memorandum in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment, 4, 14-15 ("Def.'s Opp.").

Plaintiff does not dispute that the subject merchandise falls within the meaning and scope of the statutory definition of "imitation jewelry" as defined in Notes 9(a) and 11 to Chapter 71.  See Defendant's Additional Statement of Material Facts Not In Dispute; Plaintiff's Response to Defendant's Additional Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, ¶¶ 2, 3.

**B.    Classification as "festive articles" under heading 9505, HTSUS**

Customs interprets the decisions in Midwest of Cannon Falls, Inc. v. United States to hold that heading 9505 only applies to "articles used for amusement and merriment," or articles used to decorate the home during holiday festivities.  Def.'s Opp. at 28; see Midwest of Cannon Falls, Inc. v. United States, 20 CIT 123 (1996) ("Midwest I") aff'd in part, rev'd in part, 122 F.3d 1423 (Fed. Cir 1997) ("Midwest II").  Customs argues that since the court in Midwest I noted that the articles in question under heading 9505 were, "principally, if not exclusively, used only

during the holiday season for the specific purpose of decorating or ornamenting the home or Christmas tree," only like merchandise can fit under the same heading. Def.'s Opp. at 27; see also Midwest I, 20 CIT at 129. Therefore, according to Customs, because the merchandise at issue is jewelry, which is used for personal adornment, and not "entertainment" articles or home decorations, it is not prima facie classifiable under heading 9505. Def.'s Opp. at 20, 28.

The Court rejects Customs' argument. In an effort to maintain consumer flexibility and not limit heading 9505 to traditional subjects, courts have been hesitant to impose "extraneous limitations that are not based on the actual language of the [heading]." Midwest II, 122 F.3d at 1428. Furthermore, Customs mistakenly intimates that "personal adornment" and "amusement and merriment" are mutually exclusive labels. Def.'s Opp. at 28. This is simply untrue, as there is no reason why an individual item cannot be construed as both. Midwest II, 122 F.3d at 1427 ("[A]ll of the items at issue are used in celebration of and for entertainment on a joyous holiday, and they are all prima facie classifiable as 'festive articles' under heading 9505.").

There are two requirements for finding a prima facie classification under heading 9505. The merchandise must be (1) "closely associated" with the applicable holiday, and (2)

displayed and used only during that holiday. Midwest II, 122 F.3d at 1429.

An item is "closely associated" if "the physical appearance of an article is so intrinsically linked to a festive occasion that its use during other time periods would be aberrant." Park B. Smith, Ltd. v. United States, 25 CIT __, Slip Op. 01-63, 6 (May 29, 2001); see also Brookside Veneers, Ltd. v. United States, 6 Fed. Cir. (T) 121, 125, 847 F.2d 786, 789 (1988). An item may be deemed closely associated if it incorporates traditional festive symbols, such as a jack-o'-lantern for Halloween. Midwest II, 122 F.3d at 1429; see also Springwater Cookie & Confections, Inc. v. United States, 20 CIT 1192, 1196 (1996) (wax candles embellished with holly sprigs were considered festive articles linked with Christmas). Another characteristic indicative of close association is color schemes or patterns in accordance with the respective holiday. Smith, 25 CIT at __, Slip Op. 01-63 at 8 (for example, a cloth design labeled "Christmas Highland" was deemed closely associated with Christmas, despite no display of Christmas symbols, primarily because "the colors green and red in combination are closely associated with the festive association of Christmas.").

The items in question are closely associated with their respective holidays. Item # 19005, "Kringle Cuties," consists of three earring sets, two with Santa Claus designs and one of a

snowman decorated with holly.  The former designs incorporate

Santa Claus, the preeminent modern commercial Christmas symbol.

The latter design is similar to the candles in Springwater in

that they both display hollies, except that the items in this

case additionally display a snowman.  Item # 17347, "Li'l

Frightful Friends," consists of four earring sets representing

ghosts, jack-o'-lanterns, witches' heads, and monsters' heads.

All of these representations bear a strong traditional linkage to

Halloween.  Items # 19054 and # 19055, "Jolly Jingles," consist

of jingle bell earrings in red, green, and gold balls, decorated

with red or green ribbons.  Jingle bells are symbolic of

Christmas.  In addition, the color combinations and patterns of

the "Jolly Jingles" earring sets clearly resonate as Christmas-

like.  Smith, 25 CIT at __, Slip Op. 01-63 at 8.

     The second requirement for a prima facie classification

under heading 9505 is that the items be displayed and used only

during the holiday with which they are associated.  Midwest II,

122 F.3d at 1429.  This analysis mandates balancing two distinct,

but coinciding factors.  First, the item in question must be

linked to the respective holiday to such an extent that it would

be unlikely to be displayed at other points during the calendar

year.  Smith, 25 CIT at __, Slip Op. 01-63 at 8 (this component

was met because "the design and the colors are so closely

associated with the festive occasion . . . that the design would

likely not be used by a consumer during any other time of the year."). Essentially, this element is satisfied if the "close association" requirement has been met, as has been found in the instant case. The second factor is that the merchandise in question must be only marketed and sold during the applicable season. Id. ("[the subject merchandise] was also shown to have been designed, marketed and sold for use during festive occasions and was in fact displayed and used by consumers only during festive occasions."). As in Midwest II, the items in the instant case were designed, marketed, and sold only during their particular holidays. Midwest II, 122 F.3d at 1429. "Krinkle Cuties" and "Jolly Jingles" were displayed and available for sale only in the Russ Berrie Christmas 1998 catalog, and "Li'l Frightful Friends" was displayed in the 1998 Thanksgiving-Halloween catalog. They were all entered into the United States to be distributed in time for their respective holiday seasons. Pl.'s Mem. at 5-7.

Accordingly, because all of the items in question were closely associated with the applicable holiday and were only displayed and used during that holiday, the imports are prima facie classifiable under heading 9505, HTSUS.

## C.   Operation of Chapter 71, Note 3(n), HTSUS

The Court holds that Customs' classification of the earrings and pins under heading 7117 as imitation jewelry is

prima facie correct, and holds that Russ Berrie's proposed classification under heading 9505 as festive articles is also prima facie correct.  To resolve the classification conflict, the Court looks to the relevant notes in Chapters 71 and 95.

GRI 1 dictates that "for all legal purposes, classification shall be determined according to the terms of the headings and any relevant section or chapter notes."  Chapter 71 Note 11 defines "imitation jewelry" as "articles of jewelry. . . not incorporating natural or cultured pearls, precious or semiprecious stones (natural, synthetic or reconstructed), precious metal or metal clad with precious metal."  As noted supra, the subject merchandise shares the characteristics of imitation jewelry as defined in Chapter 71.  However, the Court finds that Chapter 71 Note 3(n) excludes the subject merchandise that is prima facie classifiable under heading 9505 and referenced in Chapter 95 Note 2.  Note 3(n) to Chapter 71 states that the chapter does not cover "Articles covered in note 2 to chapter 95."  Note 2 to Chapter 95 provides: "This chapter includes articles in which natural or cultured pearls, precious or semiprecious stones (natural, synthetic or reconstructed), precious metal or metal clad with precious metal constitute only minor constituents."  The parties agree that the articles at issue consist of earrings and pins which do not incorporate natural or cultured pearls, precious or semiprecious stones, or

precious metal or metal clad with precious metals. See Plaintiff's Statement of Material Facts as to Which There Is No Genuine Issue To Be Tried ("Pl.'s Statement") and Defendant's Response to Pl.'s Statement, ¶¶ 15, 16. Customs contends that since the earrings and pins at issue do not contain the elements listed in Chapter 95 Note 2 as minor constituents, they are not covered by Chapter 95 Note 2 and thus cannot be excluded from classification under heading 7117 by operation of Chapter 71 Note 3(n). The Court rejects this argument as it is clear that articles of jewelry having no precious stones are not necessarily classifiable in Chapter 71. The operation of the chapter notes in the instant case parallels the Federal Circuit's analysis of Note 2(ij) to Chapter 95 in Midwest II. See 122 F. 3d at 1429. Accordingly, the Court finds the subject merchandise is properly classified under heading 9505 by operation of Note 3(n) to Chapter 71, which excludes articles covered by Note 2 to Chapter 95.

## III. CONCLUSION

For the aforementioned reasons, Customs erred in its classification of the merchandise incorporating festive symbols, color schemes, and patterns because operation of Chapter 71, Note 3(n), HTSUS compels Customs to classify these items as festive articles under heading 9505, HTSUS.

Accordingly, plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied.  Judgment for the plaintiff will be entered accordingly.


_____
**Richard W. Goldberg**
**Senior Judge**


**Date:  September 17, 2003**
       **New York, New York**

**ERRATUM**

<u>Russ Berrie & Company, Inc. v. United States</u>, Court No. 00-00018,
Slip Op. 03-122, issued September 17, 2003.

- On page 1, the identification of plaintiff's counsel should
  read: "<u>Serko & Simon, LLP</u> (<u>Joel Kenneth Simon</u> and <u>Despina
  Keegan</u>) for plaintiff Russ Berrie & Company, Inc."